IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COLIN RICHARDSON, derivatively on behalf of Sun River Energy, Inc., | § § § § | |
| Plaintiff, | § § | |
| V. | § § | |
| SUN RIVER ENERGY, INC., | § § | |
| Nominal Defendant, | § § § | |
| V. | § § | CASE NO. |
| DONAL R. SCHMIDT, JR., THIMOTHY S. WAFFORD, JAMES PENNINGTON, JUDSON F. HOOVER, ROBERT B. FIELDS, STEPHEN W. WEATHERS, MARK HALL, DANIEL M. COFALL, SIERRA FOXTROT, LP, SIERRA FOXTROT GENPAR LLC, AND MAXWELL RESOURCES, INC. F/KA/ MERICOL, INC. D/B/A MAXWELL TECHNICAL RESOURCES | § § § § § § § § § § § § | |
| Defendants. | § | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446, Defendant, James Pennington ("Pennington") by his attorney, hereby removes this action from the 134th Judicial District Court, Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division. In support of this Notice of Removal, Defendant respectfully states as follows:

NOTICE OF REMOVAL – Page 1

1.      Plaintiff Colin Richardson ("Plaintiff"), commenced this action by filing an Original Petition against all Defendants, except Pennington and Maxwell, in the 134th Judicial District Court, Dallas County, Texas, where it is presently captioned as *Colin Richardson, derivatively on behalf of Sun River Energy, Inc. v. Sun River Energy, Inc., Nominal Defendant v. Donal R. Schmidt, Jr., Thimothy S. Wafford, James Pennington, Judson F. Hoover, Robert B. Fields, Stephen W. Weathers, Mark Hall, Daniel M. Cofall, Sierra Foxtrot, L.P., Sierra Foxtrot Genpar, LLC, Maxwell Resources, Inc., f/k/a Mericol, Inc., d/b/a Maxwell Technical Resources*; Cause No. DC-12-06318. Plaintiff's Original Petition did not name Pennington or Maxwell as a defendant.

2.      On November 5, 2012, Plaintiff filed his Second Amended Verified Shareholder Derivative Petition and added Pennington and Maxwell as defendants. Pennington was served with the Second Amended Petition on November 15, 2012. True and correct copies of all documents filed in the 134th Judicial District Court, Dallas County, Texas are attached hereto as Exhibit "1."

3.      Plaintiff's claim for relief in the Second Amended Petition necessarily depends on resolution of a substantial question of federal law. Throughout the Second Amended Petition, Plaintiff alleges the individual defendants violated federal securities laws, induced sales of securities by fraudulent conduct, and made SEC filings, which contained materially misleading statements, and failed to ensure compliance with applicable laws, rules, and regulations covering false or misleading financial information. For example, Plaintiff makes the following allegations:

The Board approved transactions involving the issuance of stock, including freely-tradable stock, in violation of federal securities laws;[1]

---

[1] Second Amended Petition p. 44, paragraph 113 (d).

Defendants engaged in a scheme to drive down the stock price of Sun River to enable Individual Defendants to purchase free-trading shares;[2]

The Individual Defendants have concealed and misrepresented material information to the SEC, other governmental authorities, auditors, shareholders, and the public;[3]

Defendants conspire to conduct a secret tender offer;[4]

The Director Defendants breached their fiduciary duty of loyalty by allowing the improper statements to be disseminated in the Company's SEC filings and other disclosures, failing to ensure that an adequate system of internal controls were in place, and failing to ensure compliance with applicable laws, rules, and regulations covering false or misleading financial information.[5]

4.  The above-referenced allegations are artfully pled violations of Sections 9, 10, 10b(5) and 14 of the Securities and Exchange Act of 1934. Plaintiff attempts to cast these claims as state law claims, but Plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law (i.e. the federal securities laws).

5.  Pursuant to 28 U.S.C. § 1446(b)(1), the suit can be removed if the defendant files a notice of removal within 30 days after the defendant's receipt, through service or otherwise, of a copy of the initial pleading. 28 U.S.C. § 1446(b)(1). True and correct copies of the summons and Second Amended Petition served on Pennington are attached hereto as Exhibit "2."

6.  Defendant removes this matter on the basis of federal question jurisdiction. This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1441(a) in that the claims are "founded on a claim or right arising under the . . . laws of the United States . . . ." This Court has supplemental jurisdiction over Plaintiff's remaining state law claims pursuant to 28 U.S.C. § 1367 and 1441(c).

---

[2] Second Amended Petition at 34, paragraphs 83-89.
[3] Second Amended Petition at 36, paragraphs 93-107.
[4] Second Amended Petition at 42, paragraphs 108-112.
[5] Second Amended Petition at 63, paragraph 173.

7. Venue is proper in this District as the 134th Judicial District Court, Dallas County, Texas, the Court in which this action was filed, is within the Northern District of Texas.

8. This Notice of Removal is timely, having been filed within thirty (30) days of the date on which Defendant Pennington was served with the Second Amended Petition asserting federal claims. *See* 28 U.S.C. § 1446(b)(1).

9. All defendants consent to this removal. *See* Exhibit "3".

10. Written notice of this Notice of Removal of this action is being immediately provided to the 134th Judicial District Court, Dallas County, Texas. *See* Exhibit "4."

11. Written notice of this Notice of Removal of this action is being caused to be served on Plaintiff.

WHEREFORE, Defendant hereby removes this action from the 134th Judicial District Court, Dallas County, Texas, to the United States District Court of the Northern District of Texas, Dallas Division.

Dated this 6th day of December, 2012.

Respectfully Submitted,

*s/James E. Pennington*
James E. Pennington, Attorney-in-Charge
State Bar No. 15758510
Law Offices of James E. Pennington, P.C.
Founders Square
900 Jackson Street, Suite 440
Dallas, TX 75202-4473
Telephone (214) 741-3022
Facsimile:    (214) 741-3055
Email: Jep@Jeplawyer.com
*Attorney for James Pennington*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of December, 2012, a copy of the foregoing **Notice of Removal** was electronically filed with the Clerk of the Court, United States District Court for the Northern District of Texas, and served upon the following:

*Via Email*
Jeffry Goldfarb
Hamilton Lindley
GOLDFARB LLP
Saint Ann Court
2501 N. Harwood Street, Suite 1801
Dallas, TX 75201
214.583.2233 (Telephone)
214.583.2234 (Facsimile)
jgoldfarb@goldfarbllp.com
hlindley@goldfarbllp.com
*Attorney for Plaintiff, Colin Richardson*

*Via Email*
Jason S. Lewis
Locke Lord LLP
2200 Ross Ave., Suite 2200
Dallas, Texas 75201
*Attorney for Maxwell Resources, Inc.,*

*Via Email*
G. Kevin Buchanan
Buchanan & Bellan, LLP
900 Jackson St., #350
Dallas, TX 75202
kbuchanan@bbllplaw.com
*Attorney for Steven Henson*

*Via Email*
Lars L. Berg
Kelly, Hart & Hallman LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
*Attorney for Schmidt, Fields, Weathers, Wafford, Cofall, Hoover, Hall, Sierra Foxtrot, LP and Sierra Foxtrot Genpar LLC*

*Via Email*
Ginger "GiGi" Toupal
Gigi_toupal@yahoo.net

*Via Email*
Dr. John Dein
Jdein1@yahoo.com

*Via Email*
David K. Henson
6620 Eagle Drive
Derby, KS 67037
Dave_henson@flinthillsnational.com

/s/ *James E. Pennington*
James E. Pennington