IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| COLIN RICHARDSON, derivatively on behalf of Sun River Energy, Inc., <br>  Plaintiff, <br><br> v. <br><br> SUN RIVER ENERGY, INC., <br>  Nominal Defendant, <br><br> v. <br><br> DONAL R. SCHMIDT, JR., STEPHEN W. WEATHERS, TIMOTHY S. WAFFORD, DANIEL M. COFALL, JUDSON F. HOOVER, MARK HALL, SIERRA FOXTROT LP, SIERRA FOXTROT GENPAR LLC, MAXWELL RESOURCES, INC. f/k/a Mericol, Inc. d/b/a Maxwell Technical Resources, and JAMES E. PENNINGTON, <br>  Defendants. | Civil Action No. 3:12-CV-5020-L |

## MEMORANDUM OPINION AND ORDER
## EXTENDING TEMPORARY RESTRAINING ORDER

Before the court is Plaintiff's Emergency Motion to Extend Temporary Restraining Order, filed December 7, 2012. After careful consideration and conducting a hearing, the court **grants** Plaintiff's Emergency Motion to Extend Temporary Restraining Order.

Plaintiff originally filed this action in the 134th Judicial District Court, Dallas County, Texas, on June 7, 2012. Plaintiff amended his pleading and filed Plaintiff's Second Amended Verified Shareholder Derivative Petition ("Petition") on November 5, 2012. The 134th Judicial District

Court issued a temporary restraining order on November 26, 2012, which expires today at 6:00 p.m., unless extended by this court. Defendant James Pennington ("Pennington") removed this action to federal court on December 6, 2012, contending that this court has jurisdiction over the action because a federal question is presented by Plaintiff's Petition.

All parties agreed to or had no objection to a seven-day extension of the temporary restraining order. By agreeing to an extension, the parties acknowledge the requirements of Rule 65 of the Federal Rules of Civil Procedure and existing precedent have been met,[*] and that an extension of seven days is proper. The question thus becomes whether the court should extend the temporary restraining order beyond seven days. For the reasons stated below, the court concludes that the temporary restraining order issued by the 134th Judicial District Court should be extended beyond seven days.

In addition to the temporary restraining order, Plaintiff has also filed a motion to remand, contending that this court lacks subject matter jurisdiction. The court believes that the issue of jurisdiction should be decided as soon as possible and has ordered expedited briefing. The court believes that the status quo should be preserved until it decides the issue of jurisdiction. It is beyond cavil that a district court possesses inherent authority to preserve the status quo until it resolves the

---

[*] There are four prerequisites for the extraordinary relief of a temporary restraining order. A court may grant such relief only when the movant establishes that:

> (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury [to the movant] outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest.

*Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Canal Auth. of the State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) (*en banc*).

**Memorandum Opinion and Order Extending Temporary Restraining Order - Page 2**

question of jurisdiction. *Jones v. Belhaven Coll.*, 98 F. App'x 283, 284 (5th Cir. 2004) (citing *United States v. United Mine Workers of America*, 330 U.S. 258, 292-93 (1947); *United States v. Hall*, 472 F.2d 261, 265 (5th Cir. 1972)). The court therefore determines that the temporary restraining order issued by the 134th Judicial District Court should be, and is hereby, **extended** to **December 24, 2012, 6:00 p.m.**

Accordingly, it is **ordered** that each Defendant, Sun River, and all of their officers, directors, agents, servants, employees, and attorneys, and all those in active concert or participation with them who received actual notice of this temporary restraining order, are hereby immediately **restrained and enjoined** from taking any and all actions consummating, effectuating, or assisting in the following:

   **(1)** **any and all performance, claims of default, payments, transfers, or other actions under or with respect to the Secured Promissory Notes (the "Notes") and the Mortgage, Security Agreement, Financing Statement and Assignment of Production and Revenue (the "Mortgage") between Sun River and Defendants Sierra Foxtrot, LP, Timothy S. Wafford, and James E. Pennington, including, but not limited to, any claim, notice, or attempt to enforce a default or foreclosure on the Notes and Mortgage;**

   **(2)** **any and all actions or entry into any contracts by Defendant Donal Schmidt on behalf of Sun River to "enter into any contract on behalf of the Corporation regarding the lease, purchase or sale of the Corporation's interests in its hard rock minerals, coal, timber, oil, gas, and/or other minerals" in Colfax County without Board approval and without providing notice to the parties; and**

   **(3)** **any and all issuances of shares of stock or the provision of any other compensation, payments, bonuses, gifts, or other transfers by Sun River to Defendants, provided that Sun River is permitted to continue its payroll practices as have been followed in the ordinary course of business since the execution of the Rule 11 Agreement of June 13, 2011, and provided that Sun River need not give notice to Plaintiff prior to making payroll.**

The bond of $10,000 previously set by the 134th Judicial District Court remains in effect.

**Memorandum Opinion and Order Extending Temporary Restraining Order - Page 3**

**It is so ordered** this 10th day of December, 2012, at 4:10 p.m.

_____
Sam A. Lindsay
United States District Judge