IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COLIN RICHARDSON, **derivatively on behalf of Sun River Energy, Inc.,** Plaintiff, v. SUN RIVER ENERGY, INC., Nominal Defendant, v. DONAL R. SCHMIDT, et al., Defendants. | § § § § § § § § § § § § § § § § § § | Civil Action No. 3:12-CV-05020-L |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Emergency Motion to Remand, filed December 7, 2012; Defendant's Response, filed December 14, 2012; and Plaintiff's Reply, filed December 12, 2012. After carefully reviewing the motion, response, reply, record, and applicable law, the court **grants** Plaintiff's Emergency Motion to Remand.

**I.   Factual and Procedural Background**

On June 7, 2012, Colin Richardson ("Richardson" or "Plaintiff"), derivatively on behalf of Sun River Energy, Inc., filed this action in the 134th Judicial District Court of Dallas County, Texas. Plaintiff's Original Petition did not name James Pennington ("Pennington") or Maxwell Resources, Inc., formerly known as Mericol, Inc., doing business as Maxwell Technical Resources ("Maxwell"). On November 5, 2012, Plaintiff Colin Richardson's Second Amended Verified Shareholder Derivative Petition (the "Second Amended Petition") was filed, and it added Pennington

Memorandum Opinion and Order - Page 1

and Maxwell as defendants. Pennington was served with the Second Amended Petition on November 15, 2012.

On December 6, 2012, Pennington removed the state action to this court, contending that federal question jurisdiction existed. Def.'s Not. of Removal ¶ 6. He asserted that the court has jurisdiction over the suit because a number of Plaintiff's claims for relief in the Second Amended Petition "necessarily depends on the resolution of a substantial question of federal law." *Id.* ¶ 3.

Pennington filed a First Amended Notice of Removal on December 14, 2012, which makes the same assertion, and provides more detail as to why he believes a federal question is present. On December 7, 2012, Plaintiff moved to remand the case on the basis that this court lacked jurisdiction over his claims. In addition, Plaintiff requested the court extend the temporary restraining order issued by the 134th Judicial District Court, which was set to expire on December 10, 2012, at 6:00 p.m. On December 10, 2012, the court extended the temporary restraining order until December 24, 2012, 6:00 p.m., so that it could determine whether it had jurisdiction over this action. The court also ordered an expedited briefing schedule on Plaintiff's Emergency Motion to Remand, and the motion has been fully briefed.

## II. Subject Matter Jurisdiction

### A. The General Standard

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home*

*Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*").

The general removal statute allows the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. §1441(a). In other words, "[o]nly state court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (footnote omitted). Accordingly, a case is removable only if federal question or diversity jurisdiction exists. As Pennington removed this action to this court on the basis of an alleged federal question pursuant to 28 U.S.C. § 1331, diversity of citizenship and the amount in controversy are not at issue. The court therefore addresses only whether the allegations of the Second Amended Petition present a federal question that confers jurisdiction on this court.

### B. Federal Question

A federal court has subject matter jurisdiction over cases arising under the Constitution, laws, or treaties of the United States, which is commonly referred to as federal question jurisdiction. 28 U.S.C. § 1331. This provision for federal question jurisdiction is generally invoked by a plaintiff pleading a cause of action created by federal law. This, however, is not the only manner in which federal question jurisdiction may arise.

An action that asserts only state law claims may "arise under" federal law if "the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983) (citations omitted). This means that a federal district court has jurisdiction over a state claim that "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). Otherwise stated, as "the presence of a disputed federal issue and the ostensible importance of a federal forum are never necessarily dispositive," a federal court is to decline jurisdiction if the exercise of its jurisdiction is inconsistent "with congressional judgment about the sound division of labor between state and federal courts governing application of [28 U.S.C.] § 1331." *Id.* at 313-14. Under *Grable*, federal question jurisdiction exists only when "(1) resolving a federal issue is necessary to the resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Singh v. Morris, LLP,* 538 F.3d 334, 338 (5th Cir. 2008). In the final analysis, when a plaintiff's pleadings set forth only state law claims, a federal district court has federal

question jurisdiction to entertain the action only if "(1) the state law claims necessarily raise a federal issue or (2) the state law claims are completely preempted by federal law." *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008).

Whether an action "arises under" federal law and creates federal question jurisdiction over a case removed from state to federal court, or one originally filed in such court, ordinarily "must be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citation omitted). In other words, the *complaint* must "raise[] issues of federal law sufficient to support federal question jurisdiction." *Rodriguez v. Pacificare of Tex., Inc.*, 980 F.2d 1014, 1017 (5th Cir. 1993) (citation omitted). This means that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392 (citation omitted). The "well-pleaded complaint rule" puts the plaintiff in the driver's seat in that it "makes the plaintiff the master of the claim[s]; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* (footnote omitted).

A recognized and narrow exception to the "well-pleaded complaint" rule is the "artful pleading" doctrine. *Terrebonne Homecare, Inc. v. SMA Health Plan, Inc.*, 271 F.3d 186, 188 (5th Cir. 2001). This doctrine stands for the proposition that "a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." *Franchise Tax Bd.*, 463 U.S. at 22 (citation omitted). This doctrine allows a federal court to "uphold removal even though no federal question appears on the face of the plaintiff's complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). "[T]he artful pleading doctrine [, however,] applies *only* where state law is subject to complete preemption." *Bernhard*, 532 F.3d at 551 (citation omitted).

**Memorandum Opinion and Order - Page 5**

Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (footnote omitted). Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction; if a case is initially filed in federal court, the burden rests with the plaintiff to establish that the case "arises under" federal law, or that diversity exists and that the amount in controversy exceeds the jurisdictional threshold.

### III.   Discussion

#### A.   Contentions of the Parties

Richardson's Second Amended Petition is ninety-seven pages, and he asserts various claims under state law against Defendants. These claims include: breach of fiduciary duty for failing to properly oversee and manage; breach of fiduciary duty for providing false and misleading information; breach of fiduciary duty for failing to maintain internal controls; unjust enrichment and money had and received; breach of fiduciary duty for abuse of control and shareholder oppression; breach of fiduciary duty for gross mismanagement, waste of corporate assets; knowing participating and assistance in breach of fiduciary duty; fraudulent transfers; constructive trust; demand for an accounting; and requests for declaratory relief. Pl.'s Sec. Amended Pet. 80-93, ¶¶ 220-295. The factual bases for these claims are set forth in the pages of the Second Amended Petition preceding his stated claims. Plaintiff also seeks actual, consequential and exemplary damages for the alleged negligence and wrongful conduct of Defendants. *Id.* at 93-95, ¶¶ 297-309.

Pennington, in advancing his argument that Plaintiff's claims necessarily require the resolution of a substantive federal question, asserts the following:

> Throughout the Second Amended Petition, Plaintiff alleges the Defendants violated federal securities laws, induced sales of securities by fraudulent conduct, made [Securities Exchange Commission] SEC filings which contained materially misleading statements, failed to maintain current SEC Reporting as required by SEC Rules and Regulations, breached their duties by issuing improper statements and disclosures to the SEC, failed to comply with applicable laws, rules, and regulations covering false or misleading financial information, and otherwise seeks to enforce liabilities or duties created by federal law.  For example, Plaintiff makes the following allegations:
>
> The Board approved transactions involving the issuance of stock, including freely-tradable stock, in violation of federal securities laws;
>
> Defendants engaged in a scheme to drive down the stock price of Sun River to enable Individual Defendants to purchase free-trading shares;
>
> The Individual Defendants have concealed and misrepresented material information to the SEC, other governmental authorities, auditors, shareholders, and the public;
>
> Defendants conspire[d] to conduct a secret tender offer;
>
> The Director Defendants breached their fiduciary duty of loyalty by allowing the improper statements to be disseminated in the Company's SEC filings and other disclosures, failing to ensure that an adequate system of internal controls [was] in place, and failing to ensure compliance with applicable laws, rules, and regulations covering false or misleading financial information.
>
> The above-referenced allegations are artfully pled violations of the [ ] Williams Act, 82 Stat. 454, codified at 15 U.S.C. §§ 78m(d)-(e) and 78n(d)-(f), §§ 13(d), 13(e), and 14(d)-(f) of the Securities Exchange Act of 1934, and Sections 9, 10, 10b(5) and 14 of the Securities and Exchange Act of 1934.  Plaintiff attempts to cast these claims as state law claims, but Plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law (*i.e.* the federal securities laws).

First Amended Not. of Removal 2-3, ¶¶ 5, 6 (footnotes omitted).  The crux of Pennington's argument is that the Second Amended Petition does not contain only a few isolated references to

**Memorandum Opinion and Order - Page 7**

federal law but contains more than fifty allegations that "directly relate to violations of federal securities laws and rules and regulations under the Securities Act of 1933 and the Securities Exchange Act of 1934." Def's. Resp. to Mot. to Remand 2.

Richardson acknowledges that there are a "few" references to federal securities laws in the Second Amended Petition; however, he contends that such references are included to "provide some additional basis for his state-law claims, but [they] are by no means essential to the resolution of the claims." Pl.'s Emergency Mot. to Remand 4. The court agrees. A fair reading of the Second Amended Petition shows that no federal question is presented. In light of the court's previously set forth standards and its painstaking review of the Second Amended Petition, the court finds it unnecessary to engage in a protracted esoteric and erudite analysis regarding the nonexistence of a federal question.

### B. Analysis

The court has pored over the Second Amended Petition, and the claims asserted fall within the realm of state law claims. Contrary to Pennington's assertions, the federal securities laws do not create the claims alleged by Richardson. The claims arise under state law, and the allegations pertaining to alleged violations of federal securities laws merely provide the factual bases for Richardson's state law claims. Although there are some incidental or loose references that might support a factual basis for violations of federal securities laws, such references are quite beside the point. It is not necessary for Richardson to prove a violation of federal securities laws for him to prevail on any of his various state law claims. Further, the court need not interpret or apply federal securities laws for Plaintiff to prevail on his claims. The references to federal violations are merely illustrative of the alleged conduct committed by Defendants that supports Plaintiff's state law

claims. As aptly stated by Chief Judge Fitzwater, "conduct that violates federal law [and] serves as a basis for a state-law claim does not make a federal right an essential element of that [state-law] claim." *Fathergill v. Rouleaw*, 2003 WL 21467570 at *1 (N.D. Tex. June 23, 2003) (citing *Howery*, 243 F.3d at 918). Accordingly, no substantial federal question is implicated, and the resolution of a federal issue is not necessary to resolution of any state law claims asserted by Plaintiff.

Further, references to the federal securities laws are irrelevant because a plaintiff is the master of his claim. *Caterpillar*, 482 U.S. at 392. "A plaintiff with a choice between federal and state law claims may elect to proceed in state court on the exclusive basis of state law, thus defeating the defendant's opportunity to remove, but taking the risk that his federal claims will one day be precluded." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995). In this case, Richardson has elected to proceed on his state law claims, notwithstanding that federal claims could exist. Richardson does not advance his claims as violations of federal securities laws. Pennington recasts Plaintiff's theories of recovery as federal claims; however, "[j]urisdiction may not be sustained on a theory that the plaintiff has not advanced." *Merrell*, 478 U.S. at 809 n.6 (citation omitted).

The court finds unavailing Pennington's argument that many of Plaintiff's allegations are "securities fraud claims dressed in state-law clothing." Def's. Resp. to Mot. to Remand 17. Pennington thus contends that Richardson has artfully pleaded federal claims as state law claims to avoid removal. The fundamental flaw in this argument is that the "artful pleading" doctrine applies only where "state law is subject to complete preemption." *Bernhard*, 532 F.3 at 551 (citations omitted). Pennington has provided the court with no authority that violations of federal securities laws *completely* preempt Richardson's state law claims. Further, nothing indicates that Congress

**Memorandum Opinion and Order - Page 9**

intended to preempt completely the field of state law claims regarding securities transactions and breach of fiduciary duty. Accordingly, the "artful pleading" doctrine does not come into play and cannot be used as a basis for this court to exercise jurisdiction.

In sum, the use of limited references to violations of federal securities laws or rules in the Second Amended Petition is simply too slender a reed to establish federal question jurisdiction in this case. For the reasons herein stated, the court determines that this action does not arise under the Constitution or laws of the United States, that consideration of a federal issue is not necessary to resolve Richardson's state law claims, that there is no substantial federal issue presented by the Second Amended Petition, and that the doctrine of complete preemption does not apply to Plaintiff's state law claims.

### C.     The Parties' Briefing

The court determines that issue of federal jurisdiction was overbriefed by the parties. Arguments were advanced and authorities cited by both sides that were not addressed by the court in this decision. Any argument or authority not referenced in this decision merely means that it was not necessary for the court to consider such argument or authority to render its decision.

## IV.    **Plaintiff's Request for Attorney's Fees and Court Costs**

Plaintiff seeks attorney's fees and costs incurred for obtaining a remand of this action to state court pursuant to 28 U.S.C. § 1447(c). Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). There is no "automatic entitlement to an award of attorney's fees." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). Bad faith is not "a prerequisite to awarding attorney fees and costs." *Id.* (citation omitted). "Absent unusual

circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citations omitted). In this regard, the court must decide "whether the defendant had objectively reasonable grounds to believe the removal was legally proper" at the time of removal, "irrespective of the fact that it might ultimately be determined that removal was improper." *Valdes*, 199 F.3d at 293.

Richardson contends that Pennington did not have a good-faith basis for removing this action. Pl.'s Emergency Motion to Remand 2. Plaintiff further asserts that the evidence is overwhelming that the removal was tactical and intended to give Defendants an avenue to obtain their goal—the seizure of corporate assets. *Id.* Even if Pennington had improper motives in removing the case, however, the court is not to consider the motive of the removing defendant. *Valdes*, 199 F.3d at 292-93. As stated, the question is whether Pennington had objectively reasonable grounds to believe that removal was appropriate.

Defendants cites several cases that he contends support a right of removal under circumstances similar to those present in this case. *See* Def.'s Resp. to Mot. to Remand 19-20 (citing *Landers v. Morgan Asset Mgmt., Inc.*, 2009 WL 962689, at *6 (W.D. Tenn. Mar. 31, 2009), and *Gobble v. Hellman*, 2002 WL 34430286, at *3 (N.D. Ohio Mar. 26, 2002)). Although these cases are not from the Fifth Circuit or district courts within the Fifth Circuit, they provided an objective basis for Pennington to remove a case similar to the present one to federal court, even though this court believes the better view is that expressed in this opinion and by other judges of the

Northern District of Texas. The court therefore will deny Richardson's request for costs and attorney's fees.

## V.    Conclusion

For the reasons herein stated, the court **lacks** subject matter jurisdiction over this action and **grants** Plaintiff's Emergency Motion to Remand. Accordingly, the court, pursuant to 28 U.S.C. § 1447(c), **remands** this action to the 134th Judicial District Court, Dallas County, Texas. The clerk of court shall effect this remand in accordance with the usual procedure. Further, the court **denies** Plaintiff's request for costs and attorney's fees.

**It is so ordered** this 26th day of December, 2012.

*/s/ Sam A. Lindsay*
Sam A. Lindsay
United States District Judge